JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HDI GLOBAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A., BDP TRANSPORT INC., INTERPORT GLOBAL LOGISTICS USA INC., C.H. ROBINSON INTERNATIONAL, INC., FLEXPORT INTERNATIONAL LLC, KUEHNE + NAGEL INC., and EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendants. | Case No. 25-cv-7242<br><br><br>**COMPLAINT** |

Plaintiff HDI Global Insurance Company ("HDI"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendants MSC Mediterranean Shipping Company S.A., BDP Transport Inc., Interport Global Logistics USA Inc., C.H. Robinson International, Inc., Flexport International LLC, Kuehne + Nagel Inc., and Expeditors International of Washington, Inc. (collectively "Defendants"), alleges upon information and belief as follows:

1.     This subrogation action arises from loss or damage to cargoes transported, or intended to be transported, by ocean carriage from Asia to the United States.

1

2.     This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3.     The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in one or more of the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipments at issue.

4.     At all times relevant hereto, Plaintiff HDI was and now is a business entity organized and existing under Illinois law, with an office and place of business at 161 N. Clark Street, 48th Floor, Chicago, IL 60601.

5.     At all times relevant hereto, Plaintiff HDI was and now is an insurance company that insured the cargoes described in Schedules A through F (the "Cargoes"), which are annexed hereto and incorporated herein by reference.

6.     At all times relevant hereto, Defendant MSC Mediterranean Shipping Company S.A. ("MSC") was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018.

7.     At all times relevant hereto, Defendant MSC was and now is engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

8.     At all times relevant hereto, Defendant BDP Transport Inc. ("BDP") was and now is a corporation or other business entity organized and existing by virtue of

Pennsylvania law, with an office and place of business at 510 Walnut Street, Philadelphia, PA 19106.

9.      At all times relevant hereto, Defendant BDP was and now is engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), licensed by and registered with the U.S. Federal Maritime Commission, issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

10.     At all times relevant hereto, Defendant Interport Global Logistics USA Inc. ("Interport") was and now is a corporation or other business entity organized and existing by virtue of Delaware law, with an office and place of business at 17 Cotters Lane, East Brunswick, NJ 08816.

11.     At all times relevant hereto, Defendant Interport was and now is engaged in business as an NVOCC and/or OTI, licensed by and registered with the U.S. Federal Maritime Commission (license/org. no. 026094), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

12.     At all times relevant hereto, Defendant C.H. Robinson International Inc. d/b/a CHRistal Lines ("CHR") was and now is a business entity organized and existing under Minnesota law, with an office and place of business at 14701 Charlson Road, Suite 450, Eden Prairie, MN 55347.

13.     At all times relevant hereto, Defendant CHR was and now is engaged in business as an NVOCC and/or OTI, licensed by and registered with the U.S. Federal

Maritime Commission (license/org. no. 003282), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

14.    At all times relevant hereto, Defendant Flexport International LLC ("Flexport") was and now is a business entity organized and existing under Delaware law, with an office and place of business at 760 Market Street, 8th Floor, San Francisco, CA 94102.

15.    At all times relevant hereto, Defendant Flexport was and now is engaged in business as an NVOCC and/or OTI, licensed by and registered with the U.S. Federal Maritime Commission (license/org. no. 025219), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

16.    At all times relevant hereto, Defendant Kuehne + Nagel Inc. d/b/a Blue Anchor America Line ("BAAL") was and now is a business entity organized and existing under New York law, with an office and place of business at 10 Exchange Place, 19th Floor, Jersey City, NJ 07302.

17.    At all times relevant hereto, Defendant BAAL was and now is engaged in business as an NVOCC and/or OTI, licensed by and registered with the U.S. Federal Maritime Commission (license no. 001162/org. no. 019540), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

18.    At all times relevant hereto, Defendant Expeditors International of Washington, Inc. d/b/a Expeditors International Ocean ("Expeditors") was and now is a business entity organized and existing under Washington law, with an office and place of business at 1015 Third Avenue, Seattle, WA 98104.

19.     At all times relevant hereto, Defendant Expeditors was and now is engaged in business as an NVOCC and/or OTI, licensed by and registered with the U.S. Federal Maritime Commission (org. no. 010771/license no. 002268), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

20.     In or about August 2024, at the places of receipt identified in Schedules A through F, the Cargoes were tendered to and delivered into the custody and/or control of Defendants (and/or their agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration, in the shipping containers and under the bills of lading/sea waybills identified in said Schedules.

21.     However, on or about August 28, 2024, numerous containers and their cargoes fell overboard from the M/V MSC ANTONIA and were lost at sea in the South Atlantic Ocean off the coast of South Africa, while other containers and their cargoes were damaged by a stow collapse (the "Casualty"), including those identified in Schedules A through F.

22.     Defendants (and/or their agents, servants, and/or subcontractors) thus failed to deliver the Cargoes to their destination in the same good order and condition as they were received.

23.     By reason of the premises, Defendants (and/or their agents, servants, and/or subcontractors, for whom Defendants are responsible) breached their statutory, contractual, and/or common law duties and obligations as carriers and/or bailees of

the Cargoes; were negligent and careless in their handling of the Cargoes; and otherwise are liable for the losses and damages described herein.

24.    Following the Casualty, the shippers, consignees, and/or owners of the Cargoes submitted insurance claims to Plaintiff HDI under policies then in full force and effect for the loss of and/or damage to the Cargoes, which Plaintiff HDI paid.

25.    By virtue and to the extent of the payments to the shippers, consignees, and/or owners of the Cargoes, Plaintiff HDI became subrogated to all of their respective rights, remedies, and claims for relief in relation to the Cargoes, including those asserted against Defendants herein.

26.    Plaintiff HDI brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargoes, as their respective interests may ultimately appear, whether through subrogation, assignment, agency, or otherwise, and Plaintiff HDI is entitled to maintain this action.

27.    All obligations and conditions precedent to be performed by the shippers, consignees, and/or owners of the Cargoes, and/or Plaintiff HDI as subrogee, have been performed, waived, or otherwise excused, including the payment of freight.

28.    By reason of the premises, Plaintiff HDI has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate amount of $2,002,586.08.

WHEREFORE, Plaintiff HDI prays:

i.  that process be issued against Defendants MSC, BDP, Interport, CHR, Flexport, BAAL, and Expeditors in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

ii.  that judgment be entered against Defendants MSC and BDP, jointly and severally, for loss and/or damage to the Cargoes identified in Schedule A in the amount of $226,226.00, together with costs and interest;

iii.  that judgment be entered against Defendants MSC and Interport, jointly and severally, for loss and/or damage to the Cargoes identified in Schedule B in the amount of $1,568,053.00, together with costs and interest;

iv.  that judgment be entered against Defendants MSC and CHR, jointly and severally, for loss and/or damage to the Cargoes identified in Schedule C in the amount of $27,581.00, together with costs and interest;

v.  that judgment be entered against Defendants MSC and Flexport, jointly and severally, for loss and/or damage to the Cargoes identified in Schedule D in the amount of $62,069.86, together with costs and interest;

vi.  that judgment be entered against Defendants MSC and BAAL, jointly and severally, for loss and/or damage to the Cargoes identified

in Schedule E in the amount of $90,720.00, together with costs and interest;

vii.    that judgment be entered against Defendants MSC and Expeditors, jointly and severally, for loss and/or damage to the Cargoes identified in Schedule F in the amount of $27,936.22, together with costs and interest; and

viii.    for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated:  New York, New York
        August 29, 2025

HILL RIVKINS LLP,
*Attorneys for Plaintiff*

By:_____

Justin M. Heilig
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
Email: jheilig@hillrivkins.com

8

## SCHEDULE A

Container No.: MSMU5974278
Cargo: 44 Packages of Metering Units (Dual Meter Manifold C+)
BDP Bill of Lading/Sea Waybill: ICHSE0017843
MSC Bill of Lading/Sea Waybill: MEDUHN127467
Place of Receipt: Tuticorin, India
Place of Delivery: Greensboro, NC

.

**SCHEDULE B**

Container No.: SZLU9287450
Cargo: 434 Packages of Pharmaceuticals
Interport Bill of Lading/Sea Waybill: IGLBMU25010NHSAV
MSC Bill of Lading/Sea Waybill: (TBD)
Place of Receipt: Nhava Sheva, India
Place of Delivery: Savannah, GA

Container No.: SZLU9287450
Cargo: 2919 Packages of Pharmaceuticals
Interport Bill of Lading/Sea Waybill: IGLBMU25011NHSAV
MSC Bill of Lading/Sea Waybill: (TBD)
Place of Receipt: Nhava Sheva, India
Place of Delivery: Savannah, GA

Container No.: SZLU9287450
Cargo: 205 Packages of Pharmaceuticals
Interport Bill of Lading/Sea Waybill: IGLBMU25028NHSAV
MSC Bill of Lading/Sea Waybill: (TBD)
Place of Receipt: Nhava Sheva, India
Place of Delivery: Savannah, GA

## **SCHEDULE C**

Container No.: TCLU5277871
Cargo: 170 Packages of Vulcanized Rubber Mats
CHR Bill of Lading/Sea Waybill: 480422662KOC
MSC Bill of Lading/Sea Waybill: (TBD)
Place of Receipt: Cochin, India
Place of Delivery: New York, NY

## **SCHEDULE D**

Container No.: MSMU6239637
Cargo: 718 Packages of Cotton Bath Mats
Flexport Bill of Lading/Sea Waybill: FLXT00002760237A
MSC Bill of Lading/Sea Waybill: MEDUJC125831
Place of Receipt: Ludhiana, India
Place of Delivery: Nashville, TN

## **SCHEDULE E**

Container No.: CHIU9029125
Cargo: 10 Packages of Enoxaparin Sodium Pre-Filled Syringes
BAAL Bill of Lading/Sea Waybill: BANQ1060727736
MSC Bill of Lading/Sea Waybill: MEDUJC150508
Place of Receipt: Hyderabad, India
Place of Delivery: Duncan, SC

## SCHEDULE F

Container No.: MEDU4354962
Cargo: 9 Packages of Castings
Expeditors Bill of Lading/Sea Waybill: 62C0248660
MSC Bill of Lading/Sea Waybill: (TBD)
Place of Receipt: Nhava Sheva, India
Place of Delivery: Savannah, GA

.